UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TROY CORDELL,

                                    Plaintiff,

                                                                           <u>DECISION AND ORDER</u>

                                                                               12-CV-6301L

                                    v.

UNISYS CORPORATION,

                                  Defendant.
_____

Plaintiff Troy Cordell ("plaintiff") brings this action against Unisys Corporation ("defendant"). According to the Summons with Notice served on defendant, the case presents claims which include violations of federal labor law, as well as a number of state statutes and the common law. (Dkt. #3, Exh. 1). The matter was initially brought in New York State Supreme Court, Monroe County, via a Summons with Notice pursuant to NY CPLR 305(b). Defendant demanded a copy of the complaint on June 5, 2012, and the case was removed here June 6, 2012. (Dkt. #3). No complaint was ever filed in Federal Court, and the parties dispute whether the complaint was ever served on the defendant pursuant to Fed. R. Civ. Proc. 4(m). *See generally Swain v. Brookdale Senior Living*, 2009 U.S. Dist. LEXIS 88835 at *9 (W.D.N.Y. 2009) ("once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings") (*quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 437 (1974)).

On November 14, 2013, after the matter had lain dormant for seventeen months, the Court issued an Order to Show Cause directing the parties to advise the Court of the status of the case, and warning them that failure to respond could result in the sua sponte dismissal of the case for failure

to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York.

It is well settled that federal courts are vested with the authority to dismiss a plaintiff's claims where the plaintiff has failed to prosecute them. *See* Fed. R. Civ. Proc. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (among the "facets to a federal court's inherent power" is the power to "act *sua sponte* to dismiss a suit for failure to prosecute"). *See also* Local Rules of Civil Procedure for the Western District of New York 41(b). Furthermore, a party's failure to timely serve a complaint, in the absence of a showing of good cause for that failure, requires that the case be dismissed. *See* Fed. R. Civ. Proc. 4(m); NY CPLR 3012(b).

The Second Circuit has set forth several factors for a district court to consider when contemplating a dismissal for failure to prosecute, including the extent and duration of the plaintiff's failures. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Likewise, the Second Circuit has set forth several factors to consider with regard to whether dismissal of an action is appropriate when a plaintiff has failed to timely serve a defendant with the complaint. *See Fish v. Bread Loaf Const. Co.*, 1998 U.S. App. LEXIS 1208 at *5-*6 (2d Cir. 1998).

Under the circumstances presented here, the Court requires additional information to properly consider the relevant factors and determine whether this matter is subject to dismissal. Initially, the parties dispute whether plaintiff failed to effect timely service of the complaint on the defendant. Plaintiff contends in correspondence from his counsel that the complaint was served on the defendant's attorneys on June 20, 2012. (Dkt. #6). Defendant's counsel denies having been served with the complaint (Dkt. #3 at 1) and points out that "no complaint has ever been filed in this matter" and that he has "never been contacted by plaintiff's counsel" since appearing in the case. (Dkt. #5).

The parties do appear to agree that the plaintiff has, inexplicably, failed to file the complaint and proof of service with any court, notwithstanding the fact that it was removed here nearly a year -and-a-half ago. Plaintiff is therefore directed to file the original complaint and certificate of service (if such exists), in compliance with Fed. R. Civ. Proc. 3 and 5(d)(2), within twenty (20) days of this

order.  Although a copy of the alleged complaint was filed as an exhibit to the letter from plaintiff's counsel (Dkt. #6), the "inclusion of the complaint as an attachment to a filed document is not sufficient. [Plaintiff] must present [his] complaint, with original signatures, to the Clerk of Court for filing." *Swain*, 2009 U.S. Dist. LEXIS 88835 at *10.

Failure to file the complaint and certificate of service (or in the absence of proof of timely service, plaintiff's failure to show good cause therefor), will result in the dismissal of this case with prejudice, for failure to effect service pursuant to Fed. R. Civ. Proc. 4(m), and/or failure to prosecute.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 9, 2013.