UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY CORDELL,

                                        Plaintiff,

                                                            DECISION AND ORDER

                                                            12-CV-6301L

                    v.

UNISYS CORPORATION,


                                        Defendant.
_____

        Plaintiff Troy Cordell ("plaintiff") brings this action against Unisys Corporation

("defendant").  (Dkt. #3, Exh. 1).  The matter was initially brought in New York State Supreme

Court, Monroe County, via a Summons with Notice pursuant to NY CPLR 305(b).  Defendant

demanded a copy of the complaint on June 5, 2012, pursuant to New York practice, but the case was

removed here to Federal Court June 6, 2012.  (Dkt. #3).  The parties dispute whether the complaint

was ever mailed to, or otherwise served on, the defendant pursuant to its demand.

        On November 14, 2013, after the matter had lain dormant for seventeen months with no

action, the Court issued an Order to Show Cause directing the parties to advise the Court of the

status of the case, and warning plaintiff that failure to respond could result in dismissal of the matter

for failure to prosecute.  (Dkt. #4).  The parties did respond, and in a subsequent Order, the Court

directed plaintiff to file the original complaint and certificate of service, in compliance with Fed. R.

Civ. Proc. 3 and 5(d)(2).  (Dkt. #7).

        On December 16, 2013, plaintiff filed what is alleged to be a copy of the original complaint,

dated June 20, 2012, with a New York Supreme Court caption and index number (despite the fact

that the action had been removed to this Court on June 5, 2012), and an affidavit of service in which

plaintiff's counsel averred that the complaint had been served on defendant by mail on June 20, 2012. (Dkt. #8).

Defendant denied receiving a copy of the complaint, and it thereafter moved to dismiss the complaint on the grounds of failure to effect timely or proper service, failure to prosecute, and failure to comply with a court order (Dkt. #9), and plaintiff filed a cross motion seeking to compel the defendant to accept service of the complaint (Dkt. #14).

## I. Failure to Effect Proper Service of the Complaint

"The Federal Rules of Civil Procedure place the responsibility for proper service of a summons and complaint, and the burden of demonstrating proper service, squarely upon the plaintiff." *Lab Crafters v. Flow Safe, Inc.*, 233 F.R.D. 282, 284 (E.D.N.Y. 2005).

Generally, where a process server's affidavit of service is rebutted by a sworn denial of service by the defendant, an evidentiary hearing must be held, at which plaintiff must establish jurisdiction by a preponderance of evidence. *See Old Republic Ins. Co. v. Pacific Fin. Servs. of America, Inc.*, 301 F.3d 54 (2d Cir. 2002); *Daimlerchrysler Fin. Servs. v. Kennedy*, 2009 U.S. Dist. LEXIS 4593 (N.D.N.Y. 2009); *Pettus v. Havrda*, 626 F. Supp. 1308 (S.D.N.Y. 1986) (same). Here, I find that such a hearing would serve no meaningful purpose. Even assuming *arguendo* that the plaintiff did not serve the complaint in a timely fashion, considering the fact that the applicable statutes of limitations have expired and that the defendant had notice of plaintiff's claims by way of his administrative agency complaint and Summons with Notice, and the fact that the complaint has been electronically filed, the Court elects to "exercise its discretion in granting an extension without good cause [under Fed. R. Civ. Proc. 4(m)], rather than dismissing the case for improper service." *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 U.S. Dist. LEXIS 68658 at *10-*12 (E.D.N.Y. 2009) (*quoting Kalra v. City of New York*, 2009 U.S. Dist. LEXIS 28857 at *12 (S.D.N.Y. 2009)) (pertinent factors in determining whether an extension of time to effect proper service are include: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the

defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting plaintiff's request for relief from the provision).

Thus, in light of the pertinent considerations, and the long-standing judicial preference for deciding cases upon their merits, *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988), I find that regardless of whether plaintiff has produced adequate proof that the complaint was timely served on the defendant, plaintiff is entitled to an extension of time to serve the complaint pursuant to Fed. R. Civ. Proc. 4(m) and defendant's demand while the case was in state court, and is directed to serve the defendant by mail or otherwise with the already-filed complaint (Dkt. #8) within ten (10) days of entry of this decision and order.  Upon such service, defendant is directed to file and serve its response to the complaint in conformity with Fed. R. Civ. Proc. 12.

## II.      Failure to Comply With a Court Order

Defendant also contends that the matter should be dismissed because the plaintiff's delay in filing the complaint violates Rule 2(a)(1) of the Western District of New York's Administrative Procedures Guide, which generally requires that all papers be electronically filed.  *See* W.D.N.Y. Admin. Proc. Guide, Rule 2(a)(1) (incorporated by reference in Rule 5.1(a) of the Local Rules for the Western District of New York).  Because the Rule 2(a)(1) contains no reference to sanctions for non-compliance, and because the complaint has now been electronically filed, the Court declines to sanction plaintiff for his initial failure to "e-file" the complaint, but cautions plaintiff that familiarity with the Local Rules, and the Administrative Procedures Guide which is incorporated therein by reference, is expected.

### III.   Failure to Prosecute

It is well settled that federal courts are vested with the authority to dismiss a plaintiff's claims where the plaintiff has failed to prosecute them. *See* Fed. R. Civ. Proc. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (among the "facets to a federal court's inherent power" is the power to "act *sua sponte* to dismiss a suit for failure to prosecute"). *See also* Local Rules of Civil Procedure for the Western District of New York 41(b). Here, it is undisputed that for seventeen months after this action was removed to this Court, plaintiff failed to file a copy of the complaint, or to otherwise direct any activity toward the defendant or the Court to further the case whatsoever. Nonetheless, the Court is keenly aware that its authority to dismiss a case for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Second Circuit has set forth several factors for a district court to consider when contemplating a dismissal for failure to prosecute: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether lesser sanctions would be efficacious. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

The duration of the plaintiff's failure is astonishingly lengthy, and the excuses offered by plaintiff's counsel – plaintiff's desire to amend the complaint to include a cause of action for wrongful termination (even though the complaint already contained such a claim), and the Court's "failure" to schedule a pre-trial conference (even though plaintiff had not yet filed a complaint in the case) – are wholly unconvincing. I nonetheless find that the defendant is unlikely to suffer prejudice from further delay, and that the plaintiff's right to be heard outweighs the need to alleviate calendar congestion at this juncture. While I therefore decline to impose sanctions at this time, plaintiff should remain mindful of the Court's prior warning: any other and further delays in prosecuting the

- 4 -

case, or failures to comply with Court orders issued in connection therewith, will result in the imposition of sanctions, up to and including the sua sponte dismissal of this matter.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dkt. #9) is denied, plaintiff's cross motion to "compel" defendant to "accept" and answer the complaint (Dkt. #14) is denied as moot in light of the Court's directives herein, and plaintiff is directed to serve (or re-serve) defendant with the complaint (Dkt. #8) in conformity with Fed. R. Civ. Proc. 5, within ten (10) days of entry of this decision and order.  Upon such service, defendant is directed to file and serve its response to the complaint pursuant to Fed. R. Civ. Proc. 12.

Within ten (10) days of the filing of the defendant's answer to the complaint, plaintiff is directed to contact the Magistrate Judge assigned to the case in order to schedule an initial pretrial conference in conformity with Local Rule of Civil Procedure 16(b).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 3, 2014.

- 5 -