UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TROY CORDELL,

                              Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                        12-CV-6301L

            v.

UNISYS CORPORATION,

                              Defendant.
_____

## **INTRODUCTION**

Plaintiff Troy Cordell ("plaintiff") brings this action against Unisys Corporation ("Unisys"), alleging that he was subjected to unlawful employment discrimination, a hostile work environment and retaliation, in violation of 42 U.S.C. §1981 ("Section 1981"), 42 U.S.C. §1982 ("Section 1982"), 42 U.S.C. §1983 ("Section 1983"), and the New York Human Rights Law, N.Y. Exec. Law §292 et seq. ("NYHRL"). Unisys now moves to dismiss the complaint in part – specifically, Unisys moved for dismissal of plaintiff's Section 1982 and Section 1983 claims – pursuant to Fed. R. Civ. Proc. 12(b)(6) (Dkt. #20). Despite ample time and opportunity to do so, plaintiff has not opposed the motion. For the reasons set forth below, the motion is granted, and plaintiff's Section 1982 and Section 1983 claims are dismissed.

**DISCUSSION**

I.      **Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)**

In deciding a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6), a court must "accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994), *citing Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). However, "a plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

II.     **Plaintiff's Section 1982 Claims**

Section 1982 provides that, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold and convey real and personal property." 42 U.S.C. §1982. As such, Section 1982 has no application to claims of employment discrimination "where [p]laintiff's job did not constitute real or personal property." *Faulkner v. Niagara Mohawk Power Corp.*, 2006 U.S. Dist. LEXIS 80670 at *25 (N.D.N.Y. 2006). *See also Roman v. Niagara Frontier Transit Metro System, Inc.*, 1982 U.S. Dist. LEXIS 17156 at *3 (W.D.N.Y. 1982).

Plaintiff's claims, as alleged in the complaint, are garden-variety claims of discrimination, hostile work environment and retaliation arising out of plaintiff's employment with Unisys. Plaintiff does not allege that his job constituted real or personal property, and the complaint does

not otherwise implicate any right to inherit, purchase, lease, sell, hold or convey real or personal property. Plaintiff's claims are thus not actionable under Section 1982, and to the extent they are asserted under that statute, they are accordingly dismissed.

### III.   Plaintiff's Section 1983 Claims

"[I]n order to state a claim under Section 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996). Absent a showing of some close nexus between the state and the challenged action, a private entity or individual is not subject to liability under Section 1983. *See American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999); *Prowiser v. Bon-Ton, Inc.*, 2007 U.S. App. LEXIS 9661 at *28 (2d Cir. 2007) (unpublished opinion).

Here, plaintiff alleges that Unisys is a corporation incorporated in New York, engaged in commerce and headquartered in Rochester, New York. Plaintiff does not allege any facts suggesting that Unisys is a state actor (and Unisys credibly alleges that it is not), nor does plaintiff allege any alternate basis upon which actions by Unisys may be "fairly attributable to the State." *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).

To the extent plaintiff's claims are asserted under Section 1983, they are accordingly dismissed.

### CONCLUSION

For the foregoing reasons, defendant Unisys Corporation's motion for partial dismissal of the complaint (Dkt. #20) is granted, and plaintiff's Section 1982 and Section 1983 claims are

dismissed in their entirety, with prejudice.  The only claims remaining in this action are those asserted under Section 1981 and the NYHRL.

    IT IS SO ORDERED.

                                      _____
                                          DAVID G. LARIMER
                                       United States District Judge

Dated: Rochester, New York
       December 11, 2014.